IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODNEY MESQUIAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:25-CV-1755-RP |
| | § | |
| WARDEN, FCI BASTROP, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Before the Court is Petitioner Rodney Mesquias's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (Dkt. 1). Petitioner, proceeding *pro se*, brings this § 2241 petition claiming that the Bureau of Prisons ("BOP") is miscalculating his projected release date by misapplying his First Step Act and Second Chance Act time credits. (*Id.* at 1–2). The case was referred to United States Magistrate Judge Mark Lane for findings and recommendations, pursuant to 28 U.S.C. § 636(b).

The Magistrate Judge filed his report and recommendation on June 18, 2026, finding "no error in the BOP's methodology or calculations," and noting that, even if Petitioner's calculations were correct, his "claim [would not be] imminent for another two years, at least."[1] (R. & R., Dkt. 13, at 6–7). The Magistrate Judge therefore recommended that the Court grant Respondent Warden of Federal Correctional Institution Bastrop's ("Respondent") Motion to Dismiss, (Dkt. 7), and deny Petitioner's Petition for a Writ of Habeas Corpus, (Dkt. 1). Petitioner received the report and

[1] The Magistrate Judge also found that, to the extent Petitioner "attempts to accelerate his transition to [a Residential Reentry Center] or home confinement," the Court lacks authority to review Petitioner's placement. (R. & R., Dkt. 13, at 6–7 (citing 18 U.S.C. § 3621(b)). The Court finds no clear error in this recommendation.

recommendation no later than June 25, 2026. (Dkt. 15). As of the date of this Order, Petitioner has not filed any objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 13), is **ADOPTED**. **IT IS ORDERED** that Respondent's Motion to Dismiss, (Dkt. 7), is **GRANTED**, and that Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on July 20, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE